Ryan L. Isenberg, Pro Hac Vice (to be filed)
ISENBERG & HEWITT, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 (Voice)
770-828-0100 (Fax)
ryan@ihlaw.us

David N. Lake, State Bar No. 180775
LAW OFFICES OF DAVID N. LAKE,
 A Professional Corporation
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
david@lakelawpc.com

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ECOPUR, INC., <br><br>          Plaintiff, <br><br> vs. <br><br> THE JKT FINANCIAL GROUP, LLC, <br><br>          Defendant. | Case No.:  2:22-cv-1665 <br><br> COMPLAINT |

COMPLAINT

1

COMES NOW, ECOPUR, INC. ("Plaintiff") in the above-styled action, and herein files this its Complaint for Damages, and shows this Court as follows:

**Parties, Jurisdiction, and Venue**

1.      Plaintiff is a corporation organized under the laws of, has its principal place of business in, and is a citizen of, the State of Georgia.

2.      Defendant The JKT Financial Group, LLC ("Defendant") is a Texas Limited Liability Company authorized to transact business in the State of California.  As stated in its paperwork (including its purchase order in this matter) and on its website, Defendant's motto "Aut Viam Inveniam Aut Faciam" is "Latin and loosely translated it means "I will find a way or make a way"."

3.      Upon information and belief, the sole member of Defendant is James Jones who is a citizen of the State of California.

4.      Plaintiff seeks to recover more than $75,000 in this action.

5.      Defendant's registered agent for service, James Jones, may be served at the registered office for the company at 26565 W. Agoura Road, Suite 200, Calabasas, California.

6.      Based upon the allegations set forth above, this Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

7.      Based upon the allegations set forth above, this Court has personal jurisdiction over the Defendant.

8.      Based upon the allegations set forth above, venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

COMPLAINT
2

**General Allegations**

9.    Plaintiff is in the business of selling products that sanitize and deodorize what are otherwise single-use face masks using Hypochlorous Acid ("HOCL").

10.    HOCL is produced by electrolyzing salt water.  Due to its reactivity to oxygen, HOCL has a limited shelf-life.  As stored and unopened, Plaintiff's product will last up to eighteen (18) months.

11.    Plaintiff manufactures its HOCL overseas and imports it for sale.

12.    In June 2021, Defendant issued a purchase order to Plaintiff to buy 5,283 gallons of HOCL at a total price of $105,660.00.  A copy of the purchase order is attached hereto as Exhibit "A" and shall be referred to herein as the "Contract."

13.    Because of the shelf-life limitation for Plaintiff's product, orders are made as received and Defendant's order was placed and fulfilled following this same procedure.

14.    Per the Contract, Defendant's order was delivered to Plaintiff's metro-Atlanta, Georgia, warehouse in August 2021.

15.    Defendant agreed to pay for the order when it arrived in Plaintiff's warehouse and was to then arrange for delivery of its order.

16.    In August 2021, Defendant notified Plaintiff that it was not ready to take delivery and failed to pay for its order.

17.    Defendant subsequently informed Plaintiff that it would take delivery in installments.

COMPLAINT

3

18.     Despite Plaintiff having asked Defendant to take delivery and pay for its order, Defendant has failed and refused to take delivery of any of the HOCL it ordered from Plaintiff.

19.     Plaintiff has incurred, and will continue to incur, costs to store the HOCL Defendant ordered.

20.     Due to the limited shelf-life and change in market conditions from August 2021 relating to the global COVID-19 pandemic, Plaintiff is unable to sell the HOCL Defendant ordered to another customer and will have to pay to have it shipped elsewhere and disposed of.

21.     Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

22.     As a result of the allegations set forth above, Plaintiff is entitled to recover its attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

**First Claim for Relief**

**Breach of Contract**

23.     Plaintiff incorporates paragraphs 1-22 above as if fully set forth herein.

24.     Plaintiff has performed all conditions, covenants, and promises required on its part to be performed, in accordance with the terms and conditions of the Contract, except those which have been waived, excused or made impossible to be performed by Defendant.

25.     Notwithstanding, Defendant has breached the Contract by, among other things, failing to pay Plaintiff the principal sum for the goods it ordered.

26.     As a direct result of the above breaches by Defendant, Plaintiff has suffered the loss of benefits to which it was entitled under the Contract and

COMPLAINT

4

incurred damages as a result.  As a direct and proximate result of Defendant's breaches of the Contract, Plaintiff has suffered and will suffer damages in excess of the jurisdictional minimum of this Court, subject to proof at trial, but in an amount no less than $105,660 plus interest at the legal rate.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For the principal amount of $105,660.00;

2. For incidental and consequential damages incidental damages under sections 2-708 and 2-710 of the Uniform Commercial Code;

3. For attorneys' fees pursuant to O.C.G.A. § 13-6-11 which permits the recovery of attorneys' fees because Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense;

4. For pre-judgment interest as permitted under law;

5. For costs and expenses of litigation; and

6. For such other and further relief deemed necessary and just.

DATED: March 14, 2022                    LAW OFFICES OF DAVID N. LAKE

                                         By: _____
                                              DAVID N. LAKE

                                              Attorneys for Plaintiff

COMPLAINT

5

# EXHIBIT A



# Purchase Order

**The JKT Financial Group, LLC**
Aut Viam Inveniam Aut Faciam

Date: March 14, 2022
P.O. #: 21-1049
Customer ID: 777748

Vendor                              Ship to        TBD
**Eco Pur**

| Shipping Method | Shipping Terms | Delivery Date |
|---|---|---|
| Truck | FOB | 8.23.2021 |

| Qty/US GAL | Item # | Description | Job | Unit Price | Line Total |
|---|---|---|---|---|---|
| 5283.00 | #5 HOCL | HOCL 600ppm Blanket order for 6 sites. | Post Trial | $         20.00 | $         105,660.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

- Please notifiy us immediately if you are unable to ship as specified.
- Send all correspondence to:
The JKT Financial Group, LLC
26565 W Agoura Rd Ste 200
inquires@jktrust.net
818-564-7304

| | |
|---|---|
| Subtotal | $         105,660.00 |
| Sales Tax | |
| Total | $         **105,660.00** |